LOUISIANA WESTERN R. CO. v. WHITE.
(No. 312.)

(Court of Civil Appeals of Texas. Beaumont. March 27, 1918. Rehearing Denied April 17, 1918.)

1. RAILROADS ⬥⬥33(2)—VENUE—PLEA OF PRIVILEGE—FOREIGN RAILROAD OPERATING IN STATE.

Where several railroads were under one management and each operated trains over the road of the other, the court had jurisdiction of the subject-matter and the parties and properly overruled a plea of privilege to be sued in a county in which it had an agent of one of the companies whose road was out of the state, but which was operating its trains over the road of the other within the county when it injured plaintiff.

2. APPEAL AND ERROR ⬥⬥978(3)—DISCRETION OF COURT—MISCONDUCT OF JURY.

The court on appeal will reverse for abuse of discretion in not granting a new trial on ground that jury considered amount of attorney's fee in fixing the amount of damages for personal injuries, where it was shown that amount of fees was discussed and one juror stated positively that he was influenced and four jurors were not called and examined as to whether they were influenced thereby.

Appeal from District Court, Orange County.

Action by Frank H. White against the Louisiana Western Railroad Company and others. From a judgment against the named defendant, it appeals. Reversed and remanded.

Orgain, Butler & Bolinger, of Beaumont, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Stuart R. Smith, of Beaumont, and S. P. Jones, of Marshall, for appellee.

BROOKE, J. Plaintiff filed his original petition in the district court of Orange county on the 6th day of December, 1915, seeking to recover from the Louisiana Western Railroad Company, the Texas & New Orleans Railroad Company, and the Morgan's Louisiana & Texas Railroad & Steamship Company, for damages resulting to him by reason of his left leg being run over by one of the cars of defendants, while plaintiff was at work in the yards of the defendant Louisiana Western Railroad Company, at Lake Charles; it being alleged that said plaintiff was at that time employed by the defendants, and engaged in switching cars in the yards of the defendants, and each of them, at Lake Charles, La., and received said injury by reason of the negligence of the defendants, in substantially the following manner: That the plaintiff was engaged in switching cars, and making up and breaking up trains in the yards at Lake Charles, and while engaged in said work, and in the discharge of his duties, he was giving signals to the members of the crew in which he was working, when by reason of the negligence of the defendants, and its agents, certain cars being operated by another switching crew in the said yards of the defendants at Lake Charles were propelled against the plaintiff, knocking him down, catching one of his feet between one of the wheels of one of the cars and the rail, causing said foot to slide on said rail until the same came to an unblocked frog, when same was caught in said frog, causing the wheel to run over same, crushing and mangling it to such an extent as to require amputation. It was also alleged that said defendants, and each of them, were jointly engaged in operating a continuous line of railroad from Houston to New Orleans, and were at the time of the injury a partnership; each of said defendants

---

sharing in the profits and losses of the other company. The negligence alleged against the defendants were five in number: (1) In permitting said cars to be moved against plaintiff, without giving any signal or warning to him of the near approach thereof; (2) in permitting said cars to be propelled over the track where plaintiff was working at said time, and permitting them to strike and injure the plaintiff; (3) in leaving the frog in which plaintiff's foot was caught unblocked and unguarded; (4) in not having a man on or near the back end of said car to notify him of the approach of said train; and (5) in failure to blow the whistle or ring the bell before said train started backward.

The defendant answered by general demurrer, general denial, and pleas of contributory negligence and assumed risk, it being specially alleged that the plaintiff, while engaged in interstate commerce, was doing his work at a place that was more dangerous than other and different places that were open to him, between the tracks of the defendant; that, if he used another and different way, there would have been no danger of his being struck. Defendant further alleged that the work plaintiff was then engaged in, if any, was being done in a manner contrary to the rules of the company, and that plaintiff was also violating that rule which requires employés, when working about double tracks to always stand outside and in the clear of both tracks while trains are passing; that plaintiff was further violating that special rule of the company which warned all employes that they must not rely upon others to notify them of the approach of a train, and that in doing the work in the manner alleged, and in violating the rules, plaintiff assumed risk of injury, and also was guilty of contributory negligence.

On October 30, 1916, plaintiff filed an amended petition with leave of the court, by its terms dismissing the case as to the Morgan's Louisiana & Texas Railroad & Steamship Company. The case went to trial on October 30, 1916. On November 2, 1916, plaintiff filed its request for a dismissal as to the Texas & New Orleans Railroad Company. On the 20th day of April, 1917, plaintiff filed its first amended petition, leaving out the Texas & New Orleans Railroad Company, and leaving the Louisiana Western as the only defendant. Thereafter on April 28, 1917, defendant for the first time filed a plea of privilege to be sued in Harris county, setting up that when the suit was first filed the Morgan's Louisiana & Texas Railway & Steamship Company and the Texas & New Orleans Railroad Company were made parties defendant, and attached and made a part of the motion, a copy of plaintiff's original pleading, alleging partnership between the various defendants, said plea of privilege further setting forth that at the time of the filing of said suit, and ever since said time, the Texas & New Orleans Railroad Company operated a line of railroad in Orange county, and maintained an agency in said county; that on the 20th day of April, 1917, plaintiff filed his first amended petition in effect dismissing as to the Texas & New Orleans Railroad Company and leaving the Louisiana Western Railroad Company the only defendant. Said plea then set forth the fact that none of the statutory grounds giving jurisdiction to the court of Orange county existed, said plea specifically setting forth that it was not a resident of the state of Texas, but was created under the laws of the state of Louisiana; that it did not own or operate, and was not at the time of the filing of the suit, nor at the time of the service of process, nor at the time of the filing of the plea, the owner or operator of any rail-road in the state of Texas; that it did not at the time of the filing of the suit, nor at the time of the service upon it, nor at the time of the filing of plaintiff's first amended original petition, nor at the time of the filing of said motion, have an agent or representative in Orange county, Tex., but did have an agent and representative in the city of Houston, Harris county.

Said plea of privilege was submitted to the court, together with evidence in support of the same upon the 30th day of April, 1917, and the plea overruled, to which action the defendant then and there in open court excepted.

There was a trial before a jury, the case being submitted on special issues, and a verdict of the jury returned on May 4, 1917. Plaintiff in due time filed his motion to enter judgment on the verdict, and judgment was rendered in favor of the plaintiff and against the defendant for $21,000. Defendant filed its first amended motion for new trial, which was overruled, and notice of appeal given and supersedeas bond filed, and the case is now properly before this court for revision.

[1] The first, second, and third assignments of error call in question the action of the court in overruling the plea of privilege. These assignments are followed by the following propositions:

"(a) The evidence shows that the Louisiana Western Railway Company does not operate any trains in Texas, and does not maintain any agents in Orange county, Tex., within the venue statutes of this state, said evidence showing that all trains on the line of the Louisiana Western operated to the Sabine river, and from there west are operated by the Texas & New Orleans Railroad Company, and that all control on the part of the Louisiana Western Railroad Company and its officers ceases, when said train reaches the Sabine river and west thereof, and that the agent at Echo is not under the control of the Louisiana Western Railroad Company to any extent, except that it is arranged through the Texas & New Orleans Railroad Company that the agent of the Texas & New Orleans Railroad Company at Echo shall receive, and deliver to employés of the Texas & New Orleans Railroad Company train orders that are operative after said train and employés reach the state of Louisiana, on the

tracks of the Louisiana Western Railroad Company, and said employés come under the control of the Louisiana Western Railroad Company and its officers.

"(b) When plaintiff's pleading showed jurisdiction against the nonresident defendant, by reason of allegations of partnership with another defendant over which the court properly has jurisdiction under the pleadings, under which condition defendant answered, said defendant by reason of that fact will not be deprived of the opportunity to plead its privilege if the plaintiff by his pleading thereafter files another pleading dismissing as to the other defendant so as to create a condition giving to the pleader of the privilege, for the first time, a right to plead said privilege.

"(c) It appearing that the Louisiana Western Railroad Company was a nonresident, not doing business in this state, and had properly pleaded its privilege to be sued in Harris county, it was error to overrule same."

On this proposition the court made the following findings of fact:

"The original defendants in this cause, to wit, Texas & New Orleans Railroad Company, the Louisiana Western Railway Company, and Morgan's Louisiana & Texas Railroad & Steamship Company, are a part of the general system of railways known as the 'Southern Pacific' system, which embraces, among other lines, and sections of railway, the section of railway running from El Paso, Tex., to New Orleans, La., forming one unbroken main line of track between said points; that this track between Houston and Sabine river is included within the properties of the Texas & New Orleans Railway Company; that from Sabine river to Lafayette, La., this track is included in the properties of the Louisiana Western Railway Company, and the section between Lafayette and New Orleans, is included in the properties of the Morgan's Louisiana & Texas Railroad & Steamship Company; that the point where one section included in one of these companies' properties ends, and the section included in the other begins, is not in any way marked, and the trains and crews operating them pass over all the sections without change and are directed by the officers of the Southern Pacific system, the sections above named being divisions of that system; that all three of the said companies have the same managing head and the same labor rules and system; that the Texas & New Orleans Railroad Company and the Louisiana Western Railroad Company have the same president, who resides at Houston, Tex.; that the Louisiana Western Railway Company operates its trains from Lake Charles, La., to and across the Sabine river into Texas as far as the station of Echo, in Orange county, Tex., and maintains an agent at Echo, Tex., through whom it directs the movements of the trains over its lines, and is doing business in Texas, and was at the time of the filing of this suit, and then had and now has an agent in Orange county, Tex."

As a matter of law, the court concludes that:

"This court had at the time, and still has, jurisdiction of the subject-matter of this suit, and over the person of the Louisiana Western Railway Company, and that the venue is properly laid in Orange county."

Without going into detail and considering this matter in extenso, we are of opinion that this action of the court was warranted. The assignments therefore are overruled.

Inasmuch as this case must be remanded for a new trial because of the misconduct of the jury, we shall not consider the assignments of error in the order in which they come.

[2] The twentieth assignment complains that the verdict should be set aside for the reason that the jury indulged in improper conduct, and considered improper matters that were not in evidence and not included in the charge of the court, in that members of the jury, in considering what amount they should award plaintiff by way of damages, discussed among themselves freely and considered what portion of the amount allowed the plaintiff as damages he would pay his attorneys and costs of court, and that, in fixing said amount to be allowed plaintiff as damages, members of the jury permitted themselves to consider and be influenced by the fact that a portion of said amount allowed as damages would be paid to the lawyers, and paid out as court costs, and were thereby caused to allow the plaintiff a greater and larger sum than otherwise would have been fixed by them as compensation for his injuries, and a larger sum than the jury would otherwise have fixed under the charge of the court; that members of the jury were influenced by the discussion and consideration of what amount should be paid by plaintiff for lawyers' fees and court costs, and because of this discussion and improper consideration of said matters, and improper conduct of said jury and members of same, the verdict of the jury is void, and should be set aside and held for naught. The proposition under this assignment is that where it appears, from the evidence submitted in support of a motion for new trial, that the jury discussed or considered what portion of the verdict in favor of the plaintiff is to be paid to plaintiff's attorneys, and that consideration enters into the verdict of the jury, thereby increasing the amount thereof, a refusal upon the part of the trial court to grant a new trial violates the discretion lodged in the trial court, and is cause for reversal.

In a recent decision by this court, St. Louis Southwestern Railway Co. of Texas v. Jack Roberts, 196 S. W. 1004, which case was reversed on account of the error complained of here, this court used the following language:

"Does this evidence show, without dispute and with reasonable certainty, that the question of the amount of plaintiff's attorneys' fees was discussed by the jury while deliberating upon their verdict, and before their verdict was reached; and also does it show, without dispute, and with reasonable certainty, that the jurors who sat in this case, or any of them, were influenced by such discussion, and caused thereby to render a verdict in favor of appellee for a greater amount than would have been rendered in his favor had not such discussion and consideration by the jury occurred? * * *

"If the discussion as to attorneys' fees occurred, which must be admitted (as it must be admitted in the instant case), because it is absolutely without dispute, then, of course, there can be no question regarding its impropriety, and that question is not an open one in this state. Every opinion emanating from every appellate court in this state, which has ever spoken on this question, holds that at-

torneys' fees in matters of this kind are not recoverable, and are not proper to be considered by juries in reaching verdicts; and some of the courts, including the Supreme Court, speaking through Chief Justice Brown, has emphatically said that such conduct as this is not only improper, but that it is highly reprehensible, and that jurors who indulged in such conduct should be promptly punished for same. Railway Co. v. Gray [105 Tex. 42] 143 S. W. 606.

"It is not contended by appellee that the discussion by the jury of the question of attorneys' fees complained of was not improper, but appellee contends that since the motion for new trial on this ground was addressed to to sound discretion of the trial judge, and his discretion having been exercised, and he, in the exercise of that discretion, having overruled the motion, the ruling is conclusive and binding on this court, even though it may be made clear to this court that the trial court abused his discretion in overruling the motion. We cannot agree to this contention by appellee, and while we concede that this ground of the motion for new trial was a matter resting within the sound discretion of the trial judge, yet we also hold, though reluctantly, that it is made clearly to appear, by the evidence of the jurors Stephens, Day, and Murphy, and more especially by Stephens, that the trial court abused his discretion in overruling this motion."

This court, in the opinion supra, goes into the matter rather fully, and in addition cites the case of Traction Co. v. Cassanova, 154 S. W. 1190, for a full discussion of this question. We also cite the opinion above, handed down by this court, and the Cassanova Case, for the purpose of showing clearly that the conclusion that we have reached in this case is not only not in conflict with other decisions, but that the instant case is a still stronger case than either of the cases cited. In the present, like a great many of the other cases, there were at least four jurors who were not present, and who did not testify with reference to what influence, if any, was had upon them by their discussion of this matter. In addition thereto, the trial court, in his findings of fact, used the following language:

"The juror Stratton says that he was influenced by the amount of attorneys' fees and that he made an allowance of $5,000 in the $21,000 he agreed to, as attorneys' fees and expenses, and that he would have agreed to only $16,000 as damages if he had not been permitted to make an allowance of $5,000 for attorneys' fees and expenses. * * * Although the juror Stratton agreed at and before the time of the rendition of the verdict that he would not consider attorneys' fees and voted for the verdict of $21,000 damages under the instruction of the court, and when polled by the court upon the return of said verdict into court stated that he had agreed to and that said verdict was his verdict, but when testifying before the court upon the motion for a new trial testified that he did consider the attorneys' fees as a part of his verdict, and that he allowed $5,000 as attorneys' fees. Therefore I find that, as stated by the juror Stratton, he did consider attorneys' fees when he voted for the verdict to the extent of $5,000."

As said by this court in the Roberts Case, above referred to, we reluctantly hold that the trial court abused and exceeded his judicial discretion in not holding that the motion for new trial was good.

We may remark, also, that from a careful reading of this record we are of opinion that the trial court was not in error in holding, under the sixth assignment, that the appellee was not guilty of contributory negligence as a matter of law, and in refusing to so charge the jury. Therefore, without going into and discussing the various assignments, we hold that, for the reason above given, this cause must be reversed and remanded for a new trial, and it is so ordered.

HIGHTOWER, Jr., C. J., did not sit in this case.

