MERCHANTS' TRANSFER CO. et al. v. WILKINSON.　(No. 6345.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1920. Rehearing Denied March 17, 1920.)

1. MUNICIPAL CORPORATIONS ⚙️706(5)—FINDING OF NEGLIGENCE AND FREEDOM FROM CONTRIBUTORY NEGLIGENCE IN AUTOMOBILE ACCIDENT HELD WARRANTED.

In an action by plaintiff, who was run down by an automobile, evidence *held* to warrant findings that plaintiff was free from negligence, while the driver of the motorcar was negligent.

2. APPEAL AND ERROR ⚙️882(14)—DEFENDANTS CANNOT OBJECT TO SPECIAL ISSUE PRACTICALLY FOLLOWING ANSWER.

In an action for injuries sustained by plaintiff, who was run down by an automobile, where defendants alleged that plaintiff attempted to cross the street between the intersection of two other streets, a special issue, submitting in the language of the answer the claim therein made, cannot be objected to by defendants as misleading and obscure.

3. EVIDENCE ⚙️474(8) — OPINION OF ORDINARY WITNESS AS TO SPEED OF VEHICLE HELD COMPETENT.

As the rate of speed of moving vehicles can usually be determined only by the opinions of witnesses, testimony by plaintiff, who was struck by an automobile, as to the rate of speed at which it was moving is competent; for a person of ordinary intelligence may testify as to the speed of vehicles observed by him.

4. APPEAL AND ERROR ⚙️724(2)—GENERAL ASSIGNMENTS NOT CONSIDERED.

Assignments of error that are general and indefinite will not be considered.

5. DAMAGES ⚙️128—FIVE THOUSAND DOLLARS HELD NOT EXCESSIVE, THOUGH EARNINGS INCREASED AFTER ACCIDENT.

An award of $5,000 in favor of plaintiff, who was struck by an automobile, cannot, where there was no claim of passion or prejudice on the part of the jury, be held excessive merely because plaintiff received more salary after the accident than he did before.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by H. A. Wilkinson against the Merchants' Transfer Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Kampmann, Burney & Browne, of San Antonio, for appellants.

Newton & Woods, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

FLY, C. J. Appellee filed a suit for damages arising out of personal injuries against the Merchants' Transfer Company and the

American Indemnity Company. Damages against the former are predicated on its act in running an automobile against appellee and injuring him while he was endeavoring to cross Travis street near North Flores street, in the city of San Antonio, and the liability of the latter is based on an indemnity bond executed to the city of San Antonio for the benefit of any person receiving injuries through the negligent handling of its automobiles by the Merchants' Transfer Company. Upon answers returned by the jury in response to special issues, judgment was rendered against appellants and in favor of appellee for the sum of $5,000.

[1] The evidence showed that appellee, while endeavoring to cross Travis street near its eastern intersection with North Flores street, in the city of San Antonio, was run into and injured by an automobile belonging to the Merchants' Transfer Company and driven by its employé, which automobile came from the south on Flores street and ran around the corner into Travis street. The jury found that at the time of the accident the automobile was moving faster than 10 miles an hour; that such speed was the direct cause of the injuries to appellee; that the driver of the automobile gave no warning of its approach, and such failure to give a signal caused the accident; that the driver did not have the automobile under control at the time of the accident, and that also caused the accident; and that the driver approached the intersection of the streets at an illegal rate of speed, and that caused the accident. The jury also found that the driver of the automobile discovered the peril of appellee in time to have avoided the accident by the exercise of ordinary care. The jury also found from every conceivable angle that appellee was not guilty of contributory negligence. Whether all the delinquencies of the driver found by the jury were true or not, the evidence sustains a finding that appellee was injured without his fault, through the negligence of the Merchants' Transfer Company, and that damages resulted from such injuries. The first and second assignments of error are overruled. Every conceivable issue that could arise from the evidence as to negligence was presented by the charge of the court, and probably the situation might have been improved by the presentation of a less number of issues. Contributory negligence was submitted in at least four different forms, and it would seem that ought to cover the subject. There was no testimony tending to show that the approaching automobile was discovered by appellee before he was struck, but, on the other hand, he testified that he used every means to discover any coming automobile, and that this one ran swiftly around the corner and struck him. Schuhardt, the driver of the automobile, showed by his evidence that he saw appellee before he had reached the middle of

Travis street, and yet recklessly drove into him.

The question of the negligence of the driver was exhausted by seven issues presented by the court, and it was unnecessary to reiterate the points by giving the special charge requested by appellants. The issues submitted by the court were justified by the evidence. The fourth, fifth, sixth, and seventh assignments of error are overruled.

[2] Appellants, through their third assignment of error, contend that special issue No. 10 is misleading and confusing, and seeks to submit an issue not made in the pleadings. The issue is:

"At the time of the accident, did plaintiff attempt to cross Travis street between the intersection of North Flores street and Main avenue?"

That issue could doubtless have been made clearer, but no doubt the jury understood it involved the question of whether appellee was crossing at or near the corner, or was attempting to cross Travis street at some other point, in violation of the city ordinance. If the issue is obscure, appellants are to blame for it, for they alleged in their answer that—

"This plaintiff attempted to cross Travis street between the intersection of Main avenue and North Flores street."

If the language meant the intersection of Main avenue and Travis street, which run parallel to each other, appellants are responsible for the confusion, and cannot complain. The issue doubtless was taken by the jury to mean some point, not at the crossings, between where Travis street intersects Main avenue and where it intersects North Flores street.

[3] The eighth and ninth assignments of error assail the action of the court in permitting appellee to testify as to the speed of the automobile when it struck appellee. Of course it was merely the opinion of the witness, but the rate of speed of moving vehicles can usually be determined only by the opinions of witnesses, whether experts or not. The evidence was permissible. Railway v. Sullivan, 42 S. W. 568. The rule is well established that any person of ordinary intelligence is competent to testify to the speed of vehicles observed by him. Bracken v. Railway, 222 Pa. 410, 71 Atl. 926, 34 L. R. A. (N. S.) 790, and notes, in which numerous authorities are cited. Appellee gave some rather cogent reasons for his estimate of the speed of the vehicle that struck him.

[4] The tenth and eleventh assignments of error are general and indefinite, and should not be considered, but they are also without merit, and are overruled.

[5] The twelfth assignment says that the motion for new trial should have been grant-

ed "on the ground that the verdict of the jury was excessive." The only proposition is:

"The plaintiff was entitled to damages only for such amount as would compensate him for the injuries received."

No reason is given in assignment, proposition, or statement as to why the verdict was excessive. No claim is made of prejudice or passion upon the part of the jury, and there is nothing in the size of the verdict to raise any inference or presumption as to prejudice or passion. Great stress is put in the statement and argument upon the fact that appellee received more salary after than before the accident, and still, if earning capacity is eliminated, it does not follow that the damages resulting from mental and physical suffering, which the testimony showed might be permanent, were not sufficient to justify the verdict.

The judgment is affirmed.