## DEBES et al. v. GREENSTONE.  (No. 1063.)*

(Court of Civil Appeals of Texas. Beaumont. Feb. 26, 1924. Rehearing Denied March 5, 1924.)

**1. Pleading ☞64(2)—Petition not duplicitous.**

Petition, alleging that plaintiff was injured by defendant's truck driver hitting him while he was standing on the sidewalk, that in doing this defendants were guilty of one or more of certain acts of negligence, setting out nine specific acts, and alleging that his damages were the result of one or more of the acts pleaded, was sufficient notice that plaintiff would offer proof of every allegation made, and it was not duplicitous and was good as against general demurrer.

**2. Appeal and error ☞883—Defendant estopped to urge error because of jury's visiting scene of accident.**

Where, while jury were deliberating on their verdict, without consent of the court or the parties, they visited the scene of the accident, and when such fact was called to attention of counsel for defendants by the court, who offered to discharge the jury on that ground, they refused the offer, defendants were estopped to urge error.

**3. Trial ☞306—Jury's discussion of attorney's fees held without injury.**

Remarks of a juror, while deliberating on a verdict, that plaintiff would have very little left out of a verdict for $15,000 after payment of expenses and attorney's fees, held only incidental and not to affect the amount of the verdict rendered.

**4. Trial ☞306—Jury's discussion of indemnity insurance held only incidental.**

In deliberating on a verdict in personal injury action, remark of a juror that good business men carried indemnity insurance, and that defendants were poor business men if they did not carry it, held only incidental and without injury to defendant.

**5. Trial ☞306—That jurors first determined whether plaintiff should recover before answering other questions held not an affirmative showing of error.**

The fact that jurors may have first fixed the amount of plaintiff's damages shows no injury, where all other questions were answered on their merits, and statement of some of the jurors that they first determined that plain-

tiff should recover was not an affirmative showing of error or misconduct.

**6. Trial ☞121(2)—Argument that truck driver's negligence was criminal without error.**

In personal injury action where there was evidence that the truck driver in turning a busy corner drove at a speed of 35 miles an hour and defendant's attorneys in argument challenged plaintiff to point out a single act of negligence, it was not error for plaintiff's counsel to argue that, if plaintiff had been killed and the driver indicted for negligent homicide, it would not have taken a jury 15 minutes to find him guilty.

**7. Appeal and error ☞207—Argument unobjected to not considered.**

A party objecting to argument of counsel as error or improper must request the court to instruct the jury that it is improper.

**8. Evidence ☞538—Witness held competent to testify as to speed of truck.**

A witness who stated that he had ridden in automobiles, had driven them, and had seen automobiles in motion for many years, was competent to testify as to the rate of speed of a moving vehicle.

**9. Municipal corporations ☞706(8)—Issue of driver's loss of control of truck properly submitted.**

In a pedestrian's action for personal injuries from being run over by defendant's truck, where the petition alleged generally that the driver of the truck lost control, a later allegation that the truck driver turned the steering wheel loose was not a specific allegation of loss of control in explanation of the first allegation, and there was no error in submitting to the jury the general issue of loss of control by the driver.

**10. Municipal corporations ☞706(1)—Negligent rate of speed properly submitted.**

In a pedestrian's action for personal injury from being run down by defendant's truck, plaintiff's allegation of 40 miles per hour was not a specific allegation of negligence in relation to the speed and did not have the effect of limiting negligence to that specific rate, and under that allegation plaintiff was correctly permitted to show the actual speed.

Appeal from District Court, Jefferson County.

Action by Sol Greenstone against James Debes and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. R. Blain, of Beaumont, and Vinson, Elkins, Wood & Sweeton, of Houston, for appellants.

Gordon, Lawhon, Davidson & Pool, of Beaumont, for appellee.

WALKER, J.  This was a personal injury suit by appellee against appellants. For the facts on a former appeal, see Debes v. Greenstone (Tex. Civ. App.) 247 S. W. 289. It appears from appellee's allegations that he was standing on the sidewalk in front of

Nathan's Store, at the corner of Orleans street and Laurel avenue, in the city of Beaumont, and while standing there was run over by one of appellants' trucks being operated by one of their drivers, by reason of which appellee suffered serious and permanent injuries to one of his legs. Appellee alleged that appellants were negligent by reason of the acts and conduct of their driver in "one or more" of the following particulars:

(a) In driving the truck at a dangerous rate of speed, to wit, 40 miles per hour, "in violation of the laws of the state of Texas and of the ordinances of the city of Beaumont."

(b) In driving the truck "at a high, reckless, and dangerous rate of speed, to wit, 40 miles per hour, and in disregard of the rights and safety of the plaintiff and of others, and thereby driving and keeping said automobile truck or permitting the same to run upon the sidewalk, where plaintiff was standing, and injure him as herein alleged."

(c) In attempting to turn the corner at Orleans and Laurel at a high and dangerous rate of speed, etc.

(d) In driving the truck upon the sidewalk.

(e) In that the said Joe Mozullo, in driving and operating said automobile truck on the occasion in question, lost control of said car or automobile truck, and drove the same upon the sidewalk, or permitted the same to run upon the sidewalk, where plaintiff was standing, striking him and causing the injuries herein alleged.

(f) "In that on the occasion in question said Joe Mozullo (the driver), in attempting to turn said automobile to go from Orleans street into Laurel avenue, turned loose or released his hold on the steering wheel of said truck, by which he was guiding the same, and thereby permitted said automobile truck to run on to the said sidewalk where plaintiff was standing," etc.

(g) In failing to keep a proper lookout.

(h) In driving the truck upon the sidewalk or in permitting the same to run upon the sidewalk.

(i) In failing to operate the truck in such a manner as to keep it off the sidewalk.

Appellee, under a separate paragraph, alleged that his damages and losses were incurred by him "as the direct and proximate result of one or more of the acts of negligence as alleged."

Appellant answered by specially pleading that the truck was being operated in a careful and reasonable manner, and that it was caused to run upon the sidewalk by the effort on the part of its driver to avoid injuring a boy on a bicycle, and that the act of striking plaintiff was an unavoidable accident.

Upon appropriate questions the jury found that the driver of the truck was in the employment of appellants and in the discharge of his duties to them at the time he struck and injured appellee; that the scene of the accident was in the business district of Beaumont; that at the time of the accident the truck was being operated at a speed of from 12 to 20 miles per hour; and that appellee received his injuries by being struck by the truck. They also found that the rate of speed was negligence, and that such negligence was the proximate cause of the injuries sustained by appellee. And again they found that the driver lost control of the truck, that such "loss of control" was negligence, and that such negligence was the proximate cause of appellee's injuries. These were all the issues of negligence submitted to the jury. They also found that the driver was not operating the truck "in a careful and reasonable manner," that he did not drive the truck on to the sidewalk "in order to avoid injury to a boy on a bicycle," and that running the truck on the sidewalk and striking appellee was not "an unavoidable accident." The damages were fixed at $12,500.

### Opinion.

Without quoting from the evidence, we will say that we have carefully examined the record on the issues of negligence submitted to the jury and the extent of appellee's injuries, and believe that the jury's verdict on these issues was fully supported. All propositions attacking these answers as being without support or against the great weight and preponderance of the evidence are overruled.

[1] Appellee's petition was not duplicitous, within the rule announced in Snipes v. Bomar Oil Co., 106 Tex. 181, 161 S. W. 1. Appellee clearly and fully alleged that he was injured by appellants' driver hitting him with a truck while he was standing upon the sidewalk in front of Nathan's store at the corner of Orleans and Laurel. He then alleged that in doing this appellants were guilty of "one or more" of certain acts of negligence, then setting out nine specific acts of negligence. He then alleged that his damages and losses were "the direct and proximate result" of "one or more" of the acts of negligence as pleaded by him. No special exception was urged against this pleading. In our judgment, it was sufficient to visit appellants with notice that appellee would offer proof of every allegation of negligence as made. That is the reasonable intendment of appellee's petition, and therefore it was good as against a general demurrer.

Appellants have presented four propositions of error on the misconduct of the jury, as follows:

[2] (a) It appears that the jury, while deliberating on their verdict, without the con-

sent of the court or the parties, visited the scene of the accident. The court's qualification to appellants' bill of exception complaining of this misconduct shows that he called the same to the attention of counsel for appellants before the jury returned their verdict, and offered to discharge the jury on that ground, if appellant so desired, and that appellants refused his offer. On this showing, appellants are estopped to urge error. Knowing of the misconduct of the jury and having refused the offer of the court to discharge the jury, they cannot now be heard to say that they suffered injury by reason thereof. To sustain such proposition would be to permit appellants to take a chance on a favorable verdict, with the reserved ground of relief against an unfavorable verdict. The law does not look with favor upon that practice. Anderson Bros. v. Parker Construction Co. (Tex. Civ. App.) 254 S. W. 642.

[3] (b) The discussion of attorneys' fees was only incidental. While it does appear that one of the jurors remarked that appellee would have very little left out of a verdict for $15,000 after he had paid his medical expenses and attorneys' fees, all of the jurors that testified said their verdict was rendered after a due consideration of the law and the evidence, and that this discussion did not enter into their verdict. Also, after the discussion, with some of the jurors willing to fix the damages at $30,000, with eleven of the jurors—including all those who are supposed to have taken part in the discussion of attorneys' fees—willing to fix the sum of $20,000, a verdict was rendered for only $12,500. It is our conclusion that appellants were not injured by the discussion.

[4] (c) The discussion of indemnity insurance and the relation of appellants' attorneys to a supposed insurance company was also incidental, and no injury was shown thereby. One of the jurors discussing appellants remarked that good business men carried indemnity insurance, adding that he, himself, carried such insurance, and that appellants were "darn poor business men" if they did not carry such insurance. We find no evidence that this theory of insurance entered into the jury's verdict, and that larger damages were assessed against appellants on an assumption that they carried such insurance. The jurors testified that the discussion did not enter into their verdict.

[5] (d) There is no evidence in the record that the jury, first determined that appellee should recover, then fixed the amount of his damages, and then answered the other questions, so that a judgment would be entered in his favor. Under all the evidence, the jury gave each issue the most painstaking consideration, and answered each question under the preponderance of the evidence, as they understood it. The mere order in which questions are submitted is an immaterial matter, and likewise the order in which a jury may answer the questions is an immaterial inquiry. They may answer the last first, or the first last—just as they choose. That is for them to decide. The parties to the litigation are interested only to the extent that each question must be answered on its merits, and that no material question must be answered in relation to its effect on the judgment of the court to be entered on their answers. The fact that they may have first fixed the amount of appellee's damages shows no injury, in the face of an undisputed record that all the other questions were answered on their merits. The statement of some of the jurors that they first determined that appellee should recover is not an affirmative showing of error, but comes clearly within the rule announced in Railway Co. v. Higginbotham (Tex. Civ. App.) 173 S. W. 482:

"We think this testimony wholly fails to show any improper conduct on the part of the jury. When the testimony of each of said jurors is considered as a whole, we think it is apparent that he only meant, when he said on direct examination that the jury discussed and determined the questions of whether plaintiffs were entitled to recover any amount before the questions submitted by the court were answered, that they voted upon and decided the question of defendant's liability before they separately considered and wrote the answers to the questions. The fair and reasonable inference from the testimony is that, in discussing and deciding the question of defendant's liability, they based their conclusion upon their findings upon the questions submitted. We fail to see any impropriety in their considering the questions in this way. There is nothing in the testimony to indicate that the answers to each of the questions were not the fair and unbiased conclusion of each of the jurors from the evidence uninfluenced by any improper act or argument of any member of the jury. This is all that any litigant can ask of any jury."

On the general issue of misconduct of the jury, this court said, in West Lumber Co. v. Tomme (Tex. Civ. App.) 203 S. W. 792, citing Railway Co. v. Roberts (Tex. Civ. App.) 196 S. W. 1004, and Railway Co. v. White (Tex. Civ. App.) 202 S. W. 794:

"But it must be remembered that the trial court's judgment in cases of this kind can only be reversed where it is manifest to the appellate court that the trial court abused its discretion."

[6] Appellants, by a bill of exception showing that the bill was taken while the argument was being made, complain of the following argument made by counsel for appellee:

"That if the prosecutor representing the state, under an indictment that had been brought by the grand jury, indicting the driver

of defendants' automobile for negligent homicide, if plaintiff had been killed, it would not have taken a jury 15 minutes to find said driver guilty and send him to the penitentiary, that the manner in which this car was being driven at said time, if death had resulted, would have constituted negligent homicide under our statutes, and would have entitled the driver to have gone to the penitentiary for a term of years."

This argument was not error for two reasons: First, because in our judgment the issue was raised that the driver was guilty of criminal negligence. The corner of Orleans and Laurel was one of the busiest corners in the city of Beaumont. There was evidence to the effect that the driver of the truck attempted to turn this corner at a speed of 35 miles an hour. Such conduct was so reprehensible that the argument of counsel condemning it should not be construed as reversible error. Second, the court's qualification shows that appellants, in their argument had challenged appellee to point out to the jury a single act of negligence. The court was of the opinion that this argument was in response to that challenge. We are not prepared to say that the court was in error.

[7] Appellants also complain of certain argument of counsel for appellee which was not excepted to on the trial of the case. We have examined this argument and find nothing fundamentally erroneous in it. There is nothing in the argument to take it out of the rule announced by this court in Padgett v. Hines (Tex. Civ. App.) 192 S. W. 1122, where it was said:

"No request seems to have been made to the lower court to instruct the jury that the argument was improper, and, in the absence of such action, this court is powerless to act in the premises."

[8] It requires no special technical training to qualify an intelligent person to testify as to the rate of speed of a moving vehicle. Such a person must have seen vehicles in motion all his life, trains, wagons, buggies, horses, men, automobiles. Involuntarily, without any conscious effort on his part, he has been estimating the rate of speed of such vehicles all his life. In this case, one of the witnesses said he had ridden in automobiles, had driven automobiles, and had seen automobiles in motion for many years. The court did not err in receiving his evidence as to the rate of speed. This objection went rather to the weight of the evidence than its admissibility. Berry on Automobiles, § 989; Huddy on Automobiles, c. 13, §§ 1 to 7, inclusive; Merchants' Transfer Co. v. Wilkinson (Tex. Civ. App.) 219 S. W. 891; Hines v. Kelley (Tex. Civ. App.) 226 S. W. 493; Railway Co. v. Wesch (Tex. Civ. App.) 21 S. W. 62.

[9] The court did not err in submitting to the jury the general issue of loss of control of the truck by the driver. This issue was pleaded under paragraph (e), as given above. The allegation in paragraph (f), that the driver turned the steering wheel loose was not a specific allegation of loss of control in explanation of paragraph (e). In the absence of a special exception against issue (e), it was properly submitted to the jury.

[10] The court did not err in submitting to the jury the special defenses pleaded by defendant. The allegation of 40 miles per hour was not a specific allegation of negligence in relation to the speed. The negligence pleaded on this issue was that the driver was operating the car at a negligent rate of speed—naming the speed did not have the effect of limiting negligence to that specific rate, but under that allegation appellee was correctly permitted to show the actual speed of the truck, and a verdict of the jury thereon, regardless of the speed, showing negligence, would afford a ground of recovery.

The judgment of the trial court is in all things affirmed.